F.#2012R01786

**13 MISC 839**

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - -X

IN THE MATTER OF AN APPLICATION OF
THE UNITED STATES OF AMERICA FOR AN
ORDER AUTHORIZING THE RELEASE OF
HISTORICAL CELL-SITE INFORMATION

SEALED APPLICATION

- - - - - - - - - - - - - - - -X

        Catherine M. Mirabile, an Assistant United States Attorney for the Eastern District of New York, hereby applies to the Court for Orders pursuant to 18 U.S.C. § 2703(c)(1) and (d), directing that within seven days Sprint Spectrum L.P., Sprint/Nextel Communications (the "service provider") disclose recorded information identifying the base station towers and sectors that received transmissions from 347-941-6516, a telephone issued by the service provider (the "SUBJECT TELEPHONE"), at the beginning and the end of calls or text message transmissions, and the mobile switching center serving the SUBJECT TELEPHONE during any calls or text message transmissions, for the period from August 18, 2013 to August 21, 2013 (collectively, the "HISTORICAL CELL-SITE INFORMATION").

        In support of this application I state the following:

        1.    I am an Assistant United States Attorney in the Office of Loretta E. Lynch, United States Attorney for the Eastern District of New York. As such, I am a duly-authorized representative of a "governmental entity" under 18 U.S.C. § 2703(c) and (d) and, as such, am authorized to apply for Orders authorizing the disclosure of the HISTORICAL CELL-SITE INFORMATION.

1

2. The Court is authorized to order the disclosure of the HISTORICAL CELL-SITE INFORMATION upon the government offering specific and articulable facts showing that there are reasonable grounds to believe that the information sought is relevant and material to an ongoing criminal investigation. 18 U.S.C. § 2703(d).

3. I have discussed this matter with a Postal Inspector with the United States Postal Inspection Service (the "investigative agency"), who is involved in the investigation. Based upon my discussion with the agent, I believe that the information likely to be obtained is relevant to an ongoing criminal investigation as required by 18 U.S.C. § 2703(d). First, the investigative agency is conducting a criminal investigation into possible violations of federal criminal laws, including conspiracy to commit postal money order fraud in violation of 18 U.S.C. § 371, passing and attempted passing of postal money orders in violation of 18 U.S.C. § 500, and obstruction of justice in violation of 18 U.S.C. § 1512, occurring in the Eastern District of New York and elsewhere. Second, it is believed that Daniel Allen, and others known and unknown, have used the SUBJECT TELEPHONE in furtherance of the above offenses. Third, HISTORICAL CELL-SITE INFORMATION will further the investigation by providing information as to the location of Daniel Allen, and specifically, whether or not he had been in the vicinity of an apartment where an individual presumed to be Daniel Allen initiated a remote wipe of Allen's iPhone.

4. Based upon discussions with a special agent of the investigative agency, the government hereby sets forth the following specific and articulable facts showing that there are reasonable grounds to believe that the information sought is relevant and material to an ongoing criminal investigation. The defendant, Daniel Allen, was indicted on June 7, 2013 for passing and attempted passing of fraudulent postal money orders. On July 12, 2013, a

2

grand jury returned a superseding indictment charging Allen with conspiracy to commit postal money order fraud and passing and attempted passing of fraudulent postal money orders. The investigative agency is continuing to investigate these charges against Allen and others. On August 19, 2013, the government produced with its Rule 16 disclosures copies of a search warrant and corresponding affidavit for the Apple iPhones that were seized from the defendant at the time of his arrest in May 2013. The government's August 19 letter specifically identified the search warrant for defendant's iPhone, and the corresponding Bates-numbered documents. On August 20, 2013 at 5:19 pm PDT (8:19 pm EST) – one day after the government provided defense counsel with its August 19 discovery letter and documents – the defendant, Allen, initiated a remote wipe of his iPhone device. In particular, Apple's records indicate that user careerfutures@yahoo.com initiated the remote wipe. According to Apple's records, the email address careerfutures@yahoo.com is identified as an alternative email address for careerfutures@me.com, and which is linked to the defendant's home address, 1424 Schenectady Avenue, Brooklyn, New York. The Internet Protocol ("IP") address from which the remote wipe was initiated is linked to a girlfriend of defendant Allen. Postal Inspectors have spoken with the girlfriend who has reported that she did not initiate a remote wipe of Allen's iPhone, that Allen knows her password and has access to her Wi-Fi, and that he uses her Wi-Fi when he is at her apartment; specifically, she indicated that Allen uses his cell phone to access the internet. The girlfriend informed law enforcement officers that Allen's cell phone number was the SUBJECT TELEPHONE. HISTORICAL CELL-SITE INFORMATION will help pinpoint if Daniel Allen and the SUBJECT TELEPHONE were in the vicinity of the girlfriend's apartment at or near the time of the remote wipe was initiated on Allen's iPhone.

5. Based upon the above proffer, the government requests that the Court issue Orders that provides, pursuant to 18 U.S.C. § 2703(c)(1) and (d), a directive to the service provider to supply within seven days the HISTORICAL CELL-SITE INFORMATION for the period from August 18, 2013 to August 21, 2013.

6. The government also requests that the service provider, and any other person or entity whose assistance is used to facilitate execution of the Orders be ordered not to disclose (a) the existence of the Order of Authorization; (b) the existence of the Order to Service Provider and (c) the production of the HISTORICAL CELL-SITE INFORMATION, to the listed subscriber for the SUBJECT TELEPHONE, the subscribers of the telephones initiating incoming calls to or receiving outgoing calls from the SUBJECT TELEPHONE, or to any other person, unless and until otherwise ordered by the Court. Any such disclosure might endanger the life or physical safety of an individual, result in the destruction of or tampering with evidence, risk intimidation of potential witnesses, and/or seriously jeopardize the investigation.

7. No prior request for the relief set forth herein has been made except to the extent set forth above. The foregoing is affirmed under the penalties of perjury. *See* 28 U.S.C. § 1746.

Dated: Brooklyn, New York
October 11, 2013

Catherine M. Mirabile
Assistant United States Attorney
718-254-6055

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - -X
IN THE MATTER OF AN APPLICATION OF
THE UNITED STATES OF AMERICA FOR AN
ORDER AUTHORIZING THE RELEASE OF
HISTORICAL CELL-SITE INFORMATION
- - - - - - - - - - - - - - - - -X

**13 MISC 839**

SEALED ORDER TO
SERVICE PROVIDER

WHEREAS this Court has, upon the application of the United States of America, entered an Order pursuant to 18 U.S.C. § 2703(c)(1) and (d), directing that within seven days Sprint Spectrum L.P., Sprint/Nextel Communications (the "service provider") disclose recorded information identifying the base station towers and sectors that received transmissions from 347-941-6516, a telephone issued by the service provider (the "SUBJECT TELEPHONE"), at the beginning and the end of calls or text message transmissions, and the mobile switching center serving the SUBJECT TELEPHONE during any calls or text message transmissions, for the period from August 18, 2013 to August 21, 2013 (collectively, the "HISTORICAL CELL-SITE INFORMATION");

NOW, THEREFORE, IT IS HEREBY:

ORDERED, pursuant to 18 U.S.C. § 2703(c)(1) and (d), that the service provider shall supply within seven days the HISTORICAL CELL-SITE INFORMATION for the period from August 18, 2013 to August 21, 2013;

IT IS FURTHER ORDERED that this Order shall be sealed until otherwise ordered by the Court, except that copies may be retained by the United States Attorney's Office, the United States Postal Inspection Service, the service provider and any other person or entity whose assistance is used to execute this Order; and

IT IS FURTHER ORDERED that unless and until otherwise ordered by the Court, the service provider and its representatives, agents and employees, and any other person or entity providing technical assistance in executing this Order shall not disclose until further notice in any manner, directly or indirectly, by any action or inaction, the existence of the this Order or the production of the HISTORICAL CELL-SITE INFORMATION, to the listed subscriber for the SUBJECT TELEPHONE, the subscribers of the telephones initiating incoming calls to or receiving outgoing calls from the SUBJECT TELEPHONE, or to any other person.

Dated: Brooklyn, New York
        October 1/, 2013

                                s/Vera M. Scanlon
                                THE HONORABLE VERA M. SCANLON
                                UNITED STATES MAGISTRATE JUDGE
                                EASTERN DISTRICT OF NEW YORK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

**13 MISC 839**

- - - - - - - - - - - - - - - -X

IN THE MATTER OF AN APPLICATION
OF THE UNITED STATES OF AMERICA
FOR AN ORDER AUTHORIZING THE RELEASE
OF HISTORICAL CELL-SITE INFORMATION

SEALED ORDER
OF AUTHORIZATION

- - - - - - - - - - - - - - - -X

This matter having come before the Court pursuant to an application by Assistant United States Attorney Catherine M. Mirabile, an attorney for the Government as defined by Rule 1(b)(1) of the Federal Rules of Criminal Procedure and a duly-authorized representative of a "governmental entity" under 18 U.S.C. § 2703(c) and (d), requesting Orders pursuant to 18 U.S.C. § 2703(c)(1) and (d), directing that within seven days Sprint Spectrum, L.P., Sprint/Nextel Communications (the "service provider") disclose recorded information identifying the base station towers and sectors that received transmissions from 347-941-6516, a telephone issued by the service provider (the "SUBJECT TELEPHONE"), at the beginning and the end of calls or text message transmissions, and the mobile switching center serving the SUBJECT TELEPHONE during any calls or text message transmissions, for the period from August 18, 2013 to August 21, 2013 (collectively, the "HISTORICAL CELL-SITE INFORMATION");

UPON REVIEW OF THE APPLICATION, THE COURT HEREBY FINDS THAT:

Pursuant to 18 U.S.C. § 2703(c)(1) and (d), the government has offered specific and articulable facts showing that there are reasonable grounds to believe that the HISTORICAL CELL-SITE INFORMATION is relevant and material to an ongoing criminal

investigation into possible violations of federal criminal laws, conspiracy to commit postal money order fraud in violation of 18 U.S.C. § 371, passing and attempted passing of postal money orders in violation of 18 U.S.C. § 500, and obstruction of justice in violation of 18 U.S.C. § 1512, occurring in the Eastern District of New York and elsewhere, being conducted by the United States Postal Inspection Service (the "investigative agency"); now therefore,

IT IS HEREBY ORDERED, pursuant to 18 U.S.C. § 2703(c)(1) and (d), that the service provider shall supply to the investigative agency within seven days the HISTORICAL CELL-SITE INFORMATION for the period from August 18, 2013 to August 21, 2013;

Good cause having been shown, IT IS FURTHER ORDERED, that this Order and the application be sealed until otherwise ordered by the Court, and that the service provider, its representatives, agents and employees, and any other person or entity involved in facilitating this Order shall not disclose in any manner, directly or indirectly, by any action or inaction, the existence of this Order, the existence of the Order to Service Provider or the production of the HISTORICAL CELL-SITE INFORMATION to the listed subscriber for the SUBJECT TELEPHONE, the subscribers of the telephones initiating incoming calls to or receiving outgoing calls from the SUBJECT TELEPHONE, or to any other person.

Dated: Brooklyn, New York
October 11, 2013

s/Vera M. Scanlon

THE HONORABLE VERA M. SCANLON
UNITED STATES MAGISTRATE JUDGE
EASTERN DISTRICT OF NEW YORK

2